IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV329-03-MU

| | |
|---|---|
| RAFAEL D. L. MICKLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MECKLENBURG COUNTY POLICE )<br>DEPARTMENT; OFFICE SCOTT )<br>HURLEY; DETECTIVE C.D. )<br>DRIGGERS, JR., )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 21, 2010. (Doc. No. 1.)

Plaintiff's Complaint alleges that on June 18, 2008, he was arrested by Officer Hurley and charged with common law robbery and breaking and entering of a motor vehicle. Plaintiff alleges that in connection with his arrest, Officer Hurley stole his money[1] and communicated a threat

---

[1] The Court notes that this claim is completely conclusory. While Plaintiff casually mentions the words Fourth Amendment in a letter attachment to his Complaint, Plaintiff does not challenge his arrest and even admits that the money he had was from drug proceeds. Plaintiff simply does not connect his allegation to any Fourth Amendment violation. Furthermore, to the extent Plaintiff's claim can be construed as a Fourteenth Amendment violation, such claim must fail. Indeed. In Palmer, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Id. at 533. North Carolina provides a remedy for deprivations of property which was lawfully and unlawfully seized. See N.C.G.S. § 15-11.1; and Wilkins v. Whitaker, 714 F.2d 4,6 (4th Cir. 1983) (noting that North Carolina law allows individuals to bring actions for property which was unlawfully seized).

1

against him.[2]

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. While Plaintiff names two police officers, he does not set forth any deprivation of a right secured by the Constitution.

This Court is mindful of its duty to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a cognizable claim upon which the court can grant relief. Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's obligations, the Court is well aware that it is not required "to ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Nor is this Court required to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), "to develop tangential claims from scant assertions in the complaint" Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. Of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006). In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented." See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997).

Plaintiff's two-page Complaint is conclusory and as previously stated, does not set forth any specific Constitutional deprivation as is required pursuant to 42 U.S.C. § 1983. To the extent Plaintiff's Complaint can be construed as setting forth a claim under either the Fourth or Fourteenth

---

[2] A claim of verbal harassment and abuse, without allegation of harm flowing therefrom, fails to state a constitutional claim. Cole v. Cole, 633 F.2d 1083, 1090-91 (4th Cir. 1980).

Amendment, such claim would fail for the reasons stated in footnote 1. Therefore, Plaintiff's Complaint will dismissed for failure to state a claim for which relief may be granted.

**SO ORDERED**.

Signed: August 2, 2010

Graham C. Mullen
United States District Judge